## Commonwealth v. Mueller

C.P. of Centre County, nos. CP-14-CR-0736-2008 and CP-14-CR-2096-2008.

*Nathan L. Boob* and *Yvette L. Willson,* for Commonwealth.
*David Crowley,* for defendant.

RUEST, *J.,* January 13, 2010—Before the court are petitioner Robert N. Mueller Jr.'s amended petitions for post-conviction relief (PCRA) filed September 3, 2009 in case number CP-14-CR-2096-2008, and on October 9, 2009 in case number CP-14-CR-0736-2008. A hearing was held on November 24, 2009. Petitioner filed a memorandum in support addressing both petitions, and the Commonwealth filed a brief addressing case number 2096. After a thorough review of the record, the court determines defendant's petition for post-conviction relief is denied in part and granted in part.

## DISCUSSION

To be eligible for relief on a claim of ineffective assistance of counsel under the Post Conviction Relief Act, the petitioner must show, by a preponderance of the evidence, "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball,* 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). Failure to satisfy any prong of the effectiveness test requires rejection of the claim. *Commonwealth v. Williams,* 594 Pa. 366, 936 A.2d 12 (2007).

Petitioner raised two issues in his PCRA filed in case number CP-14-CR-0736-2008, in which he pled no contest to one count of stalking, a misdemeanor in the first degree. Petitioner alleges trial counsel was ineffective for failing to file a direct appeal and for failing to investigate the facts of the case, and that as a result of this ineffectiveness, petitioner's guilty plea was not voluntarily, knowingly, and intelligently entered.

Petitioner raises two issues in his PCRA filed in case number CP-14-CR-2096-2008, in which he pled guilty to manufacturing marijuana, a felony. Petitioner alleges trial counsel was ineffective for failing to file a direct appeal and for failing to uncover and discuss with petitioner that there was a viable suppression issue.

Petitioner alleges trial counsel was ineffective for failing to file a direct appeal on both cases. The Pennsylvania Constitution guarantees a direct appeal as of right. See Pennsylvania Constitution, Article V, Section 9. As such the "failure to file or perfect such an appeal results in a denial so fundamental as to constitute prejudice per se." *Commonwealth v. Lantzy,* 558 Pa. 214, 225, 736 A.2d 564, 571 (1999). Where counsel has failed to file a direct appeal and "where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." *Id.* at 227, 736 A.2d at 572.

In both of these cases, petitioner alleges that after receiving his sentence he specifically requested that his attorney file a direct appeal. While it is apparent petitioner vacillated over whether to file his appeals, he ul-

timately instructed his attorney to do so in each case within the 30-day appeal period. As his attorney failed to file the appeals, he was per se ineffective. Therefore, the court finds petitioner is entitled to reinstatement of his appellate rights in both cases nunc pro tunc.

Petitioner also alleges trial counsel was ineffective for failing to investigate the facts of the stalking case. Petitioner avers such an investigation would have revealed information relative to the complaining witness in this case, including that petitioner was friends with her and had loaned her money, that she was in violation of her parole conditions at the time of the alleged stalking, and that the witness was under the influence of heroin when she accused petitioner of stalking her.

Petitioner's claim is of arguable merit. A thorough investigation of the facts of a case is fundamental to defending against a criminal charge. Trial counsel may have had a strategic basis for not bringing these allegations to light, however, in that he was negotiating a plea agreement on behalf of petitioner and he may have viewed any such facts as extraneous to this effort. Finally, it is unclear whether the discovery of these alleged facts would have resulted in a different outcome. Therefore, the court determines petitioner's claim for ineffectiveness based on a failure to investigate does not meet the second or third prongs of *Kimball*.

Petitioner also alleges trial counsel was ineffective for failing to investigate possible suppression issues. Specifically, petitioner alleges trial counsel did not notice that the search conducted on petitioner's residence in the marijuana case was not conducted pursuant to the search

warrant. Absent some exigency or other recognized exception a search or seizure is not reasonable unless it is conducted pursuant to a search warrant issued by a magistrate upon a showing of probable cause. *Commonwealth v. Blasioli,* 454 Pa. Super. 207, 217, 685 A.2d 151, 156 (1996); *Commonwealth v. Edwards,* 735 A.2d 723, 725 (Pa. Super. 1999). Trial counsel conceded that there was evidence on the face of the warrant issued in the marijuana case that raises a viable suppression issue under the Federal and Pennsylvania Constitutions. Trial counsel admitted petitioner specifically asked him if there was any basis to suppress the evidence. Trial counsel advised his client not to pursue a motion to suppress and advised him that if they did pursue such a motion the Commonwealth would seek a mandatory minimum sentence of five years incarceration based on the presence of a firearm in conjunction with the marijuana. Petitioner, with trial counsel's assistance, bargained for and received a lesser sentence, to be served in county rather than state prison.

Petitioner's claim is of arguable merit. As to the search warrant, trial counsel had a reasonable basis for not pursuing suppression, however, in doing so would prompt the Commonwealth to break off plea negotiations and pursue a mandatory minimum state prison sentence. Finally, it is unclear whether the outcome of the case would have been different, and whether the evidence would have been suppressed, or allowed, in under some exception. Therefore, the court determines petitioner's claim for ineffectiveness based on a failure to file a motion to suppress does not meet the second or third prongs of *Kimball.*

402

Accordingly, the following is entered:

## ORDER

And now, January 13, 2010, the following is hereby ordered:

(1) Petitioner Robert Mueller Jr.'s claim for ineffective assistance of trial counsel in case number 736 relative to failure to investigate is denied.

(2) Petitioner Robert Mueller Jr.'s claim for ineffective assistance of trial counsel in case number 736 relative to failure to file an appeal is granted.

(3) Petitioner Robert Mueller Jr.'s claim for ineffective assistance of trial counsel in case number 2096 relative to failure to investigate is denied.

(4) Petitioner Robert Mueller Jr.'s claim for ineffective assistance of trial counsel in case number 2096 relative to failure to file an appeal is granted.

(5) Petitioner's appeal rights to the Pennsylvania Superior Court are reinstated. Petitioner may proceed with his appeals nunc pro tunc, starting from the date of this order.